UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ROQUE                                    CIVIL ACTION NO. 05-1414

VERSUS                               U.S. DISTRICT JUDGE DEE D. DRELL

RAPIDES PARISH SCHOOL BOARD     U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is plaintiff's motion for attorney fees, **Doc. #9**, referred to me by the district judge for report and recommendation. This is a suit by plaintiff on behalf of her 13 year old daughter, Ozzoletta Hampton, filed August 9, 2005, to seek redress for the alleged failure of the defendant to provide the child with a free and appropriate public education in the least restrictive environment pursuant to the Individuals with Disabilities Act, 20 U.S.C.A §1400 *et seq*. (IDEA). Ozzoletta has a severe mental disability. The defendant has not answered the suit and was instructed by the court that it need not answer now.

Prior to any real proceedings being held in this court, the district judge ordered the parties to meet with the undersigned to discuss the relative merits of the case. That meeting was held on August 22, 2005. I entered an order following that meeting, as agreed to by the respective attorneys, in which I observed that a new IEP evaluation would have been performed in October of 2005. I ordered that the parties, pursuant to their agreement, move up the IEP conference and convene it within two weeks. I also ordered that

plaintiff's expert, Dr. Heckaman, would be permitted to attend.

However, when the IEP team was convened on September, 6, 2005, it was discovered that Dr. Heckaman had moved out of state and could no longer serve effectively as plaintiff's expert. Plaintiff retained a new expert, Ms. Ammons, and thus the IEP conference was not held until October 10, 2005.

At the IEP conference, after discussions by the representatives of the school board with the plaintiff's expert, a new IEP was agreed upon that included certain specific monitoring and reports of progress regarding Ozzoletta. In addition, the School Board also agreed that it would modify the IEP if it was seen that she was not making sufficient progress.

## Applicable law

The IDEA provides for the award of attorney fees and costs, in the court's discretion, to the "prevailing party." 20 U.S.C. 1415 (i). The rates awarded are those prevailing in the community.

For purposes of awarding fees, a prevailing party is one who obtains relief that alters the legal relationship between the parties and fosters the purposes of the IDEA. Angela L. v. Pasadena Independent School District, 918 F.2d 1188 (5th Cir. 1990). A plaintiff may prevail even if settlement ends the dispute, provided a consent decree is entered by the court. Maher v. Gagne, 100 S. Ct. 2570 (1980). However, a voluntary change in the defendant's conduct does not confer prevailing party status on the

plaintiff. See Buckhannon Bd. & Care Home, Inc. v. West Virginia, 532 U. S. 598, 602 (2001).

In this case, this court has not ruled or issued any orders except that a new IEP meeting was to take place within two weeks. No final judgment was entered and, indeed, defendant has not even answered the suit.[1] Although defendants voluntarily changed the IEP, there was no consent decree issued. A new IEP evaluation was already due to be performed in October of 2005; the court merely ordered that the defendant move it up and have it sooner, in hopes of resolving this case. As it turned out, the new meeting did not take place until October anyway and at that time a new IEP was put in place.

I find that plaintiff is not, under our jurisprudence, the "prevailing party" in this case and is, therefore, not entitled to an award of attorney fees and costs.

IT IS RECOMMENDED THAT plaintiff's motion for attorney fees, Doc. #9, be DENIED.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another

---

[1] The court advised defendant it was not necessary to answer once the new IEP had been agreed upon and the merits were thus moot.

party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 19TH day of June, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE